■ MICHAEL GALUSKI, Appellant, v STATE OF NEW YORK, Respondent. (Appeal No. 1.) (Claim No. 76190.)—Judgment unanimously affirmed without costs. Memorandum: On May 13, 1986, claimants were severely beaten by Daryl Preston. After a lengthy trial, the Court of Claims determined that claimants failed to demonstrate that the State breached a duty to them by releasing Preston from involuntary commitment at Hutchings Psychiatric Center on February 21, 1986 and that any failure of Hutchings' Mobile Crisis Unit to obtain an adequate evaluation of Preston on April 23, 1986 was not a proximate cause of claimants' injuries some three weeks later.

Overwhelming evidence indicated that Preston did not exhibit any psychotic behavior during his involuntary commitment at Hutchings in February of 1986, and that there was no basis for continuing that commitment. The trial court's determination that the State did not breach its duty in releasing Preston was not contrary to the weight of evidence.

We also conclude that the State did not breach any duty in its attempt to evaluate Preston in April of 1986. Preston was not in the custody of the State, and he rebuffed the Mobile Crisis Unit's attempt to evaluate him. The record supports the

trial court's determination that there was no basis for an involuntary commitment at that time. Under the circumstances, there is no basis for the imposition of liability upon the State *(see, Schrempf v State of New York,* 66 NY2d 289, 296-297). (Appeal from Judgment of Court of Claims, Margolis, Israel, J.—Negligence.) Present—Denman, P. J., Pine, Balio, Fallon and Davis, JJ.